# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT RAYMOND REAN,

    Petitioner,

vs.

CATHERINE MASTO,

    Respondent.

Case No. 2:12-CV-00473-JCM-(GWF)

**ORDER**

    Petitioner has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the court will dismiss this action.

    Pursuant to a guilty plea, on August 2, 2010, petitioner was convicted in state district court of attempted pandering, a gross misdemeanor. Petitioner has appealed to the Nevada Supreme Court, and the appeal is still pending. Petition, p. 13 (#1).

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal

1  constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.
2  2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that
3  applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158
4  (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is
5  insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles,
6  such as due process, equal protection, and the right to a fair trial, are insufficient to establish
7  exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

8       Petitioner admits that the petition (#1) is unexhausted. He asks the court to stay this action
9  pursuant to Rhines v. Weber, 544 U.S. 269 (2005). The court declines to stay the action for two
10 reasons. First, Rhines allows the court to stay a petition that contains both exhausted and
11 unexhausted grounds for relief while the petitioner returns to state court to exhaust the unexhausted
12 grounds. Id. at 277-78. In contrast, the petition (#1) in this action is completely unexhausted, and
13 there is nothing for the court to stay. Second, Rhines allows the court to stay a mixed petition when
14 the one-year period of limitation of 28 U.S.C. § 2244(d) is a problem. A federal court might not
15 determine that a petition contains unexhausted grounds until after the period of limitation has
16 expired. In such circumstances, a dismissal of the action without prejudice to commence a new
17 action after exhaustion of the unexhausted grounds would make the new action untimely. Id. at
18 274-75. Timeliness is not a problem for petitioner. The period of limitation for petitioner has not
19 started. It will not start until the Nevada Supreme Court issues its decision—assuming that it
20 affirms the judgment of conviction—and any petition for a writ of certiorari to the Supreme Court of
21 the United States has been resolved or the time to petition for a writ of certiorari has expired. 28
22 U.S.C. § 2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). The court need not
23 stay this action.
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice because
2 petitioner has not yet exhausted his available remedies in state court. The clerk of the court shall
3 enter judgment accordingly.
4  DATED: March 22, 2012.

_____
JAMES C. MAHAN
United States District Judge